Stanley M. **LEITZES**, M.D., Plaintiff,

v.

**PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,**
Defendant.

No. CIV.A.03–12170–NMG.

United States District Court,
D. Massachusetts.

May 24, 2005.

Kristina H. Allaire, Mirick, O'Connell, DeMallie & Lougee, Worcester, MA, Joseph M. Hamilton, Mirick, O'Connell, DeMallie & Lougee LLP, Worcester, MA, for Provident Life and Accident Corporation, Defendant.

James T. Scamby, Tucker, Heifetz & Saltzman, Boston, MA, for M.D. Stanley M. Leitzes, Plaintiff.

### MEMORANDUM & ORDER

GORTON, District Judge.

In this case, plaintiff, Stanley M. Leitzes, M.D. ("Leitzes"), seeks to recover

lifetime disability benefits pursuant to two insurance policies issued by defendant, Provident Life and Accident Insurance Company ("Provident"), and brings claims for declaratory judgment and breach of contract. Before the Court is Provident's motion for summary judgment with respect to claims under Policy No. 6PC–423865.[1]

## I. *Factual Background*

The facts of this case that relate to defendant's motion for partial summary judgment are undisputed. Leitzes is a licensed physician who specializes in orthopedics and, at least until September, 1999, performed orthopedic surgeries and conducted office visits with patients. In May, 1980, Provident issued an Accident and Sickness Policy to Leitzes, which was assigned Policy No. 6PC–423865 and later changed to Policy No. 330–423865 ("the Policy"). Leitzes has made payments due under the Policy and it is still in force.

The Policy provides for monthly benefit payments in the event the insured is rendered totally disabled. Before a claimant reaches age 65 or for the first five years of his disability, "total disability" is defined as "your inability to perform the duties of your occupation." After that time, "total disability" is defined as

> your inability to engage in any gainful occupation in which you might reasonably be expected to engage because of education, training or experience, and with due regard to your vocation and earnings at the beginning of disability.

On October 28, 2000, Leitzes submitted a claim for disability benefits under the Policy, claiming that he was rendered totally disabled as a result of a disc hernia-

tion. Provident approved his claim for benefits and began paying them under the Policy retroactive to September 6, 1999.

Leitzes reached age 65 on January 8, 2005. Provident contends that because he received benefits under the Policy for at least 5 years and is now over 65 years old, he does not meet the Policy's definition of "totally disabled" and, therefore, it need not continue to pay benefits to him under the Policy.

It is undisputed that Leitzes continues to work in a capacity similar to that in which he worked prior to his becoming disabled. The only proffered distinction between Leitzes's pre and post-disability practice is that he used to spend approximately 40% of his time performing surgeries whereas now, because he is unable to perform any surgeries, his entire practice is limited to office visits. Leitzes maintains an office-based orthopedic practice, seeing patients in an office at Bridgewater Goddard Park Medical Associates ("BGPMA"), and earns a salary of approximately $150,000 per year. He handled over 3,200 office visits between January and October, 2004. At Leitzes's deposition, he testified that he works three full days each week at BGPMA, has no plans to leave that position and feels healthy enough to continue working in that capacity.

Provident contends that Leitzes's continuing employment demonstrates that he is not unable to "engage in any gainful occupation" and, therefore, he is not entitled to continued disability benefits under the Policy. While Leitzes admits that he continues to work by conducting office visits, he focuses on the requirement that the

---

1. A second policy issued by Provident to Leitzes is also at issue in this case; however, Provident concedes that issues of material fact preclude summary judgment with respect to that policy and, hence, has not moved for summary judgment with respect to that policy.

evaluation of a claimant's alleged total disability be evaluated in light of many factors, such as a claimant's training, experience and vocation, and contends that these factors make the question of his total disability an issue of fact for a jury. Leitzes argues that the definition of total disability is either subjective or inherently ambiguous.

## III. *Discussion*

### A. Standard of Review

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A *genuine* issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. *O'Connor v.*

*Steeves*, 994 F.2d 905, 907 (1st Cir.1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

### B. Analysis

The undisputed facts of this case make clear that there is no way a jury could rationally find Leitzes to be "totally disabled" as that term is defined in the Policy. His ability to engage in a qualifying occupation is demonstrated by the fact that he is currently engaging in such an occupation and has done so since the time he became disabled. His present occupation is gainful, earning him at least $150,000 per year, and it is reasonable to expect him to engage in such a practice because he is educated, trained, experienced and licensed as a doctor. Furthermore, he is engaging in the *very same* vocation in which he had engaged prior to his disability, although his practice no longer includes surgery, one element of being an orthopedic doctor, as it did before he became disabled. Although defendant has not submitted a comparison of Leitzes' earnings before and after the disability, under the circumstances presented here, no difference in earnings would be sufficient to render him unable "to engage in any gainful occupation" as required by the terms of the Policy.

It is not required, as Leitzes seems to contend, that a claimant engage in the exact same occupation, or all of the duties of his prior occupation, in order to be considered not "totally disabled". Such an interpretation would render the definition of "totally disabled" for claimants over age 65 pure surplusage because the term would then have the same meaning as that set forth in the policy for claimants under

age 65, i.e., the inability to "perform the duties of your occupation". This is an untenable and distorted reading of the language of the contract. "[E]very word and phrase of a contract should, if possible, be given meaning, and...none should be treated as surplusage if any other construction is rationally possible." *Computer Sys. of Am., Inc. v. W. Reserve Life Assurance Co. of Ohio,* 19 Mass.App.Ct. 430, 437, 475 N.E.2d 745 (1985).

Courts in this district have interpreted similar insurance policy language and have held that where an insurance policy defines "disability" as the inability to engage in "any occupation" for which the claimant is suited by education, training or experience, the ability to work in a different occupation renders an individual not disabled. *See Gillespie v. Allianz,* 2004 WL 2660636 (D.Mass.) (holding that claimant who operated chiropractic practice before becoming disabled and worked as a security guard, substitute teacher and insurance salesman after becoming disabled was, as a matter of law, not totally disabled according to policy definition); *Hersee v. First Allmerica Fin. Life Ins. Co.,* 2002 WL 745805 (D.Mass.) (holding that claimant who worked as a director of development and public relations before becoming disabled and at a fast food restaurant and retirement center after becoming disabled was, as a matter of law, not totally disabled according to policy definition). In this case, where plaintiff is able to work within his prior occupation, although not to the extent he had become accustomed, he cannot legitimately contend that he is unable to engage in any gainful, appropriate occupation. The contract is not ambiguous. Summary judgment will, therefore, be awarded to defendant with respect to the Policy.

## ORDER

In accordance with the foregoing, Provident Life and Accident Insurance Company's Motion for Partial Summary Judgment (Docket No. 11) is **ALLOWED**.

**So ordered.**